In re Lorenzo Dow ALEXANDER,
Jr., Debtor.

MINUTEMAN INCORPORATED,
Plaintiff,

v.

Lorenzo Dow ALEXANDER,
Jr., Defendant.

Bankruptcy No. 7–92–14470 MA.
Adv. No. 93–1134 M.

United States Bankruptcy Court,
D. New Mexico.

Oct. 29, 1993.

George D. Giddens, Donald F. Harris, Albuquerque, NM, for plaintiff.

Carol M.G. Clark, Albuquerque, NM, for debtor/defendant.

## ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

MARK B. McFEELEY, Chief Judge.

This matter came before the Court on Plaintiff's Motion for Summary Judgment and Defendant's Motion for Judgment on the Pleadings, or, Alternatively, Motion for Summary Judgment, and Motion to Dismiss for Failure to State a Claim, or, Alternatively, Motion for Summary Judgment. Having considered the undisputed facts, the applicable law, the arguments of counsel and otherwise being fully informed and advised, the Court finds that the Plaintiff's Motion for Summary Judgment is well taken and will be partially granted. Defendant's Motions will be denied.

## FACTS

1. Defendant filed a voluntary petition under Chapter 7 of the Bankruptcy Code on December 29, 1992.

2. The Debtor was Vice–President and General Manager of the Plaintiff. On April 6, 1986, the Debtor left the Plaintiff's employ. After discovering confidential corporate property was missing, the Plaintiff sued the Debtor in Wisconsin state court for misappropriation of trade secrets, a violation of the Wisconsin Trade Secrets Statute, alleging that Debtor had misappropriated a secret chemical formula and confidential customer lists.[1]

3. The Wisconsin Circuit Court originally held that the formula was a trade secret but the customer lists were not trade secrets as defined in the Wisconsin statute. The court, however, denied Minuteman an injunction on both use of the lists and use of the formula. Minuteman appealed.

4. The Wisconsin Supreme Court held that under the statute, the formula was a trade secret, the formula was misappropriated and injunction was an appropriate remedy for misappropriation of the formula. *Minuteman, Inc. v. Alexander*, 434 N.W.2d 773 (Wis.1989). After clarifying the definition of trade secret under the statute, the court remanded for a determination of the issue of whether the customer lists were trade secrets.

5. On remand, the Wisconsin Circuit Court temporarily enjoined the Debtor from using the formula. The court found that the

1. Debtor worked in concert with George Cash, also a Minuteman employee. While a Minuteman employee, Cash obtained the formula to "Stripper '76", a furniture refinishing compound, without permission. The Wisconsin Circuit Court found that the acquisition of Stripper '76 was a violation of the Wisconsin statute. According to Cash's affidavit, he and the Debtor were planning to start a furniture refinishing business in competition with Minuteman.

statutory definition of trade secret includes customer and inquiry lists and that the Debtor misappropriated the lists through "theft and breach of duty to maintain secrecy." The Debtor was enjoined from using or disclosing the customer lists. Wisconsin Circuit Court, Branch 5, Memorandum Decision, July 27, 1990.

6. After the injunction was issued, the Plaintiff moved the Circuit Court to find the Debtor in contempt of the injunction order finding that the Debtor "intentionally used the information from the Minuteman lists at a time when court orders prohibited such use." The court ordered the Debtor to pay $75,000 in compensatory damages to Minuteman. Wisconsin Circuit Court, Branch 5, Decision and Order, July 17, 1991. The Debtor concedes that he used the customer lists for a new business he intended to start.

7. The Debtor later signed a stipulated judgment against him for $225,000 "as compensatory damages for violation of Wis.Stat. § 134.90(2)." The $225,000 amount included a $75,000 award of compensatory damages previously assessed for contempt of court. The Stipulation and Order stated that the "[s]ignature of this Stipulation by any party does not modify or abrogate any previous finding of the Courts in this action." Wisconsin Circuit Court, Dane County, Stipulation and Order, November 22, 1991 at p. 2.

## CONCLUSIONS OF LAW

1. Minuteman contends that the judgment for $225,000 against the Debtor is non-dischargeable under 11 U.S.C. § 523 as a debt arising from one of the following: (1) the Debtor's fraud or defalcation while acting in a fiduciary capacity, § 523(a)(4); (2) a willful and malicious injury caused by the Debtor, § 523(a)(6); or (3) a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, § 523(a)(7).[2]

2. Although the this Court ultimately determines whether a debt is dischargeable, the doctrine of collateral estoppel may be invoked to preclude relitigation of the facts required to prove the elements § 523. This Court is bound by fact findings under collateral estoppel if "(1) the issue to be precluded is the same as that involved in the prior state action, (2) the issue was actually litigated by the parties in the prior action, and (3) the state court's determination of the issue was necessary to the resulting final and valid judgment." *In re Wallace*, 840 F.2d 762, 764-65 (10th Cir.1988). This Court holds that the Wisconsin state court findings meet these requirements and preclude the relitigation of elements of both § 523(a)(4) and (a)(6).

3. The Wisconsin courts found that the Debtor misappropriated the Plaintiff's secret customer lists through "theft and breach of duty to maintain secrecy." The Wisconsin statute defines "misappropriation" as "acquiring the trade secret of another by means which the person knows or has reason to know constitute improper means." Wis. Stat.Ann. § 134.90(2)(a) (West 1989). "Improper means" includes "espionage, theft, bribery, misrepresentation, and breach or inducement of a breach of duty to maintain secrecy." Wis.Stat.Ann. § 134.90(1)(a) (West 1989). The Wisconsin court later found that the Debtor violated the injunction and used the customer lists.

4. Recently, the Tenth Circuit in *In re Pasek*, 983 F.2d 1524 (10th Cir.1993), recognized that the § 523(a)(6) exception requires proof of intentional injury, however, the court described the proof requirement as follows:

> malicious intent [may] be demonstrated by evidence that the debtor had knowledge of the creditor's rights and that, with that knowledge, proceeded to take action in violation of those rights. Thus, the debtor's actual knowledge or the reasonable foreseeability that his conduct will result in injury to the creditor are highly relevant.

*Id.* at 1527.

This Court holds that the findings of the Wisconsin state court satisfy the definition of willful and malicious in the Bankruptcy Code

---

2. This Court previously granted the Debtor summary judgment that the debt representing damages for contempt does not fit within § 523(a)(7).

§ 523(a)(6). This case is very similar to *In re Balta*, 151 B.R. 506 (Bankr.E.D.Mo.1993) in which the court held that a Florida court judgment finding that the debtor converted trade secrets from his former employer established by collateral estoppel that the debt was nondischargeable under § 523(a)(6).

5. Since the Debtor was a party to the Wisconsin proceedings, the issues sought to be precluded are identical to those actually litigated in Wisconsin and were necessary to the outcome, this Court is bound under the doctrine of collateral estoppel to give effect to the state court findings on the issue of misappropriation. Because the state court findings establish willful and malicious injury under § 523(a)(6), no genuine issues of material fact exist, and Plaintiff is entitled to judgment as a matter of law that the judgment debt is nondischargeable under § 523(a)(6).

6. To establish nondischargeability under § 523(a)(4), the movant must show a fiduciary relationship with the debtor and that the debtor committed fraud, defalcation, embezzlement, or larceny while acting in his fiduciary capacity. Under collateral estoppel, this Court is bound by the Wisconsin court's finding that the Debtor was Vice–President and General Manager of the Defendant when he misappropriated the trade secrets. High ranking corporate officials are fiduciaries with respect to corporate opportunities. *See e.g., In re Black*, 787 F.2d 503, 506 (10th Cir.1986); *In re Collins*, 137 B.R. 754 (Bankr.E.D.Ark.1992); *In re Nicoll*, 42 B.R. 87 (Bankr.N.D.Ill.1984). Wisconsin holds high ranking corporate officials to a fiduciary duty with regard to corporate property. *Hartford Elevator, Inc. v. Lauer*, 94 Wis.2d 571, 289 N.W.2d 280, 284 (1980). This Court, therefore, holds that when he misappropriated the Plaintiff's trade secrets, the Debtor owed a fiduciary duty to the Plaintiff.

7. A director of a corporation commits defalcation by breaching both his duty of care and his duty of loyalty to the corporation when he "engages or promotes activities which are detrimental to the corporation.... [such as] where the director seizes an opportunity which the corporation could have prof-

ited from." *In re Chavez*, 140 B.R. 413, 424 (Bankr.W.D.Tex.1992). This Court holds that the Wisconsin court's finding that the Debtor, while an officer of the Plaintiff, misappropriated the Plaintiff's secret customer lists through "theft and breach of duty to maintain secrecy" establishes by collateral estoppel that the Debtor committed defalcation while acting in a fiduciary capacity under § 523(a)(4). Therefore, the judgment debt is also nondischargeable under § 523(a)(4).

8. At the hearing on these motions, the Court determined that issues of fact exist as to the amount of the judgment debt that is outstanding. The remaining issue as to amount of this nondischargeable debt will be determined at trial under the previous scheduling order.

IT IS ORDERED that the Plaintiff's Motion for Summary Judgment is partially granted as to nondischargeability and the Debtor's Motion for Judgment on the Pleadings, or, Alternatively, Motion for Summary Judgment, and Motion to Dismiss for Failure to State a Claim, or, Alternatively, Motion for Summary Judgment is denied.