**In re Harriet E. McCOY, Debtor.**

**ROWE OIL, INC., Plaintiff,**

v.

**Harriet E. McCOY, Defendant.**

**Bankruptcy Nos. 94–3233.**

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

Nov. 6, 1995.

Timothy Dempsey, Sandusky, OH, for Plaintiff.

Reese M. Wineman, Norwalk, OH, L. Mari Taoka, Toledo, OH, for Defendant.

## MEMORANDUM OPINION AND DECISION

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Plaintiff's Motion for Summary Judgment and Memorandum in Support. Defendant failed to submit a Reply. This Court has reviewed the arguments of counsel, exhibits, as well as the entire record of the case. Based upon that review, and for the following reasons, the Court finds that the Plaintiff's Motion for Summary Judgment should be Granted in part and Denied in part.

### FACTS

This case involves a judgment rendered by the Court of Common Pleas of Huron County, Ohio, (hereafter the "State Court") in favor of the Plaintiff in this case, Rowe Oil, Inc., against Harriet E. McCoy (hereafter the "Debtor"), one Bob Roberts (hereafter "Roberts"), and a corporation of which the Debtor was sole shareholder and director. This corporation was called Ultra Oil, Inc. (hereafter "Ultra"). Debtor and Roberts were the president and vice-president of Ultra, respectively. Debtor and Roberts were former employees of Plaintiff, and the State Court action involved the misappropriation of trade secrets concerning the misuse of Plaintiff's customer lists.

In its Judgment Entry, the State Court issued an order enjoining the Debtor, Roberts, and Ultra from soliciting or contacting Plaintiff's commercial account customers. The State Court also determined that Debtor, McCoy and Ultra were liable to Plaintiff for lost sales as a result of the defendants' misappropriation of trade secrets in the amount of One Thousand Two Hundred Twenty-six and 07/100 Dollars ($1,226.07), and that the Defendants would be jointly and severally liable for the Plaintiff's attorney's fees. In a subsequent hearing, the State Court determined that these fees totaled Thirty-one Thousand Three Hundred Fifty-six and 62/100 Dollars ($31,356.62). Finally, the State Court held that the Debtor was liable to Plaintiff for an unpaid personal loan in the amount of One Thousand Seven Hundred Eighty-eight Dollars ($1,788.00).

The Debtor filed bankruptcy under Chapter 7 of the Bankruptcy Code, listing Plaintiff as an unsecured creditor. Plaintiff brought the present adversary proceeding seeking to have the Debtor's obligation determined nondischargeable. Plaintiff had also filed the present Motion for Summary Judgment, claiming the State Court judgment shows that the debt is nondischargeable. Debtor has not filed a response to the Plaintiff's Motion.

### LAW

The Bankruptcy Code provides in pertinent part:

**11 U.S.C. § 523. Exceptions to discharge.**

(a) A discharge under section 727, 1141, 1228[a] 1228(b), or 1328(b) of this title does not discharge an individual from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny;

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

The Bankruptcy Rules provide in pertinent part:

**Rule 7056. Summary Judgment.**

Rule 56 F.R.Civ.P. applies in adversary proceedings.

The Federal Rules of Civil Procedure provide in pertinent part:

**Rule 56. Summary Judgment.**

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving par-

ty is entitled to judgment as a matter of law.

## DISCUSSION

■ Determinations concerning the dischargeability of a debt are core proceedings to 28 U.S.C. Section 157. Thus, this case is a core proceeding.

Plaintiff contends that the debt resulting from the State Court judgment should be excepted from discharge pursuant to § 523 of the Bankruptcy Code, and that the findings of the State Court preclude the necessity of a trial in this Court. Debtor has failed to submit a Reply to Plaintiff's Motion for Summary Judgment. Debtor's failure to reply, however, is not fatal because the moving party bears the initial burden on a Motion for Summary Judgment.

■ Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The moving party bears the initial burden of either coming forward with evidence showing the absence of a genuine issue of material fact, or by showing that there is no such issue by indicating to the court that there is an absence of evidence to support the non-moving party's case. *Id.* at 324, 106 S.Ct. at 2554. The party opposing the motion for summary judgment bears the burden only after the moving party has lifted its burden by coming forward with the requisite evidence. *Id.* at 320, 106 S.Ct. at 2552. Once the moving party has met its burden, the non-moving party must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Accordingly, Plaintiff must meet its evidentiary burden before Debtor's burden is triggered.

Plaintiff contends that the State Court judgment resulting from Debtor's misappropriation of trade secrets and breach of employee confidence, unpaid personal loan, and the attorneys fees incurred by Plaintiff is exempt from discharge under sections 523(a)(2)(A), 523(a)(4), and 523(a)(6) of the Bankruptcy Code. Thus, Plaintiff argues that the doctrine of collateral estoppel bars the relitigation of the State Court's findings in this Court. Accordingly, this Court will address the doctrine of collateral estoppel as it applies in this case to each of these sections. If all the requirements for collateral estoppel are satisfied, Debtor will be precluded from relitigating those findings in Bankruptcy Court.

■ The Supreme Court of the United States has held that collateral estoppel principles apply in bankruptcy dischargeability proceedings brought under § 523(a). *Grogan v. Garner*, 498 U.S. 279, 283, 111 S.Ct. 654, 658, 112 L.Ed.2d 755 (1991) (footnote 11). The doctrine of collateral estoppel bars the relitigation of facts in a subsequent proceeding which were actually litigated in a prior proceeding. *In Re McQueen*, 102 B.R. 120, 122 (Bankr.S.D.Ohio 1989). "Collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit." *Spilman v. Harley*, 656 F.2d 224, 227 (1981). *See also Wheeler v. Laudani*, 783 F.2d 610 (6th Cir.1986), *Smith v. Pitner*, 696 F.2d 447 (6th Cir.1982), *In Re Ross*, 602 F.2d 604, 608 (3rd Cir.1979). "Collateral estoppel requires that the precise issue in the later proceeding to have been raised in the prior proceeding, that the issue was actually litigated, and that the determination was necessary to the outcome." *Spilman*, 656 F.2d at 228.

■ Though mutuality of parties is no longer a requirement, the party against whom collateral estoppel is being asserted must have been a party to the prior adjudication. *Id.* Further, collateral estoppel may only be applied when the burden of proof is no greater in the bankruptcy proceeding than it was in the prior proceeding. *United States v. Rylander*, 714 F.2d 996, 1002 (9th Cir.1983) *cert. denied*, 467 U.S. 1209, 104 S.Ct. 2398, 81 L.Ed.2d 355. Indeed, the Supreme Court had this principle in mind when it ruled that the burden of proof in dischargeability proceedings should be a pre-

ponderance of the evidence. *Grogan,* 498 U.S. at 285, 111 S.Ct. at 659.

In the present case, the burden of proof in the State Court action, preponderance of the evidence, is the same as in the present dischargeability proceeding. The Court also finds that the same parties were involved in the State Court action as are present in this action.

 The Court will first address the effect of collateral estoppel under § 523(a)(2)(A). Under this exception to discharge, the party desiring a debt to be found nondischargeable must show that the debtor made false representations, knew such representations to be false at the time they were made, the representations were made with the intent to defraud the creditor, the creditor reasonably relied on the representations, and the creditor suffered resulting damages. *In Re Phillips,* 804 F.2d 930, 932 (6th Cir. 1986); *In Re Bell,* 181 B.R. 311, 316 (Bankr. N.D.Ohio 1995); *In Re Martin,* 761 F.2d 1163, 1165 (6th Cir.1985); *In Re Triplett,* 139 B.R. 687, 689 (Bankr.N.D.Ohio 1992).

 Regarding the personal loan made by Plaintiff to Debtor, there has been no indication that the loan was made upon any false representation made by the Debtor. Regarding the trade secret debt, there is similarly no indication of any false representation made by the Debtor in the State Court Judgment Entry. Further, under Ohio law, such a finding was not necessary for the maintenance of the State Court misappropriation of trade secrets claim. Accordingly, the § 523(a)(2) issues sought to be precluded from relitigation in this Court are not identical to the issues resolved in the State Court. Therefore, summary judgment is inappropriate as to § 523(a)(2) of the Bankruptcy Code.

 The Court will next address the issue of collateral estoppel under 523(a)(6). Section 523(a)(6) excepts from discharge debts arising from Debtor's willful and malicious injury to another entity. Thus, § 523(a)(6) exempts a debt which results from a "wrongful act done intentionally, which necessarily produces harm and is without just cause or excuse." *Perkins v. Scharffe,* 817 F.2d 392, 394 (6th Cir.1987),

*cert. denied,* 484 U.S. 853, 108 S.Ct. 156, 98 L.Ed.2d 112. Regarding the trade secret debt, this Court believes that a review of the factual findings embodied in the State Court's decision shows the requisite willfulness and malice. However, it could be argued that a finding of malice was not necessary for a determination under Ohio law that a tortfeasor misappropriated trade secrets. As explained above, if a factual finding of willfulness or malice was not necessary to the State Court judgment, it could not be given issue preclusive effect in this proceeding.

However, in this case the State Court awarded attorney's fees to the Plaintiff. A finding of malice is required under Ohio law for the award of attorney's fees in a misappropriation of trade secrets case. *Rowe Oil, Inc. v. McCoy,* 1993 WL 290922 (Ohio App. 6 Dist.), *Columbus Finance, Inc. v. Howard,* 42 Ohio St.2d 178, 183, 327 N.E.2d 654 (1975), *Fermont Oil Co. v. Marathon Oil Co.,* 26 O.O.2d 109, 115, 192 N.E.2d 123 (1963). See also *Pyromatics, Inc. v. Petruziello,* 7 Ohio App.3d 131, 137, 454 N.E.2d 588 (1983) (holding that punitive damages are appropriate in a trade secret case where malice is shown.) *Rowe Oil, Inc. v. McCoy,* 1993 WL 290922, cited supra, is a particularly good example of the requirement of a finding of malice for the award of attorney's fees in a misappropriation of trade secrets case. *Rowe* was an appeal of the very same decision with which the Plaintiff now seeks to use issue preclusion. In that case, the Defendant, who is the Debtor herein, argued that malice was not shown, and therefore attorney fees should not have been awarded. *Id.* at 3. The Court of Appeals disagreed, noting that punitive damages are appropriate in a trade secret case where malice is shown, and that:

[T]he record is replete with evidence by which the trial court could have determined that an award of attorney's fees was appropriate. There is ample, uncontroverted evidence by which the trial court could have inferred that appellants deliberately and intentionally set out, not only to compete in the market place, but, through wrongdoing and stealth, to specifically injure appellee's business. Furthermore, although it is not necessary to show motive

to establish malice ..., there was testimony in this case by which it could have been inferred that appellants' .. animus was revenge for some real or perceived mistreatment when they were appellee's employees.

*Id.*

Because attorney's fees were awarded in this case, the State Court finding of malice can be presumed, and the Debtor can be precluded from relitigating the issue of malice under § 523(a)(6) as to the trade secret debt.

This Court is also aware of a number of bankruptcy cases which have found that the misappropriation of trade secrets constitutes willful and malicious injury per § 523(a)(6), and was therefore grounds for the use of collateral estoppel in the later bankruptcy proceeding. *In re Balta,* 151 B.R. 506 (Bankr.Mo.1993), *In re Alexander,* 166 B.R. 729 (Bankr.N.M.1993), *In re Baer,* 161 B.R. 334 (Bankr.N.Y.1993), *In re Whitner,* 179 B.R. 699 (Bankr.Ok.1995). Thus, for all the foregoing reasons, this Court finds that Debtor's debt for the misappropriation of trade secrets is nondischargeable pursuant to § 523(a)(6).

 This Court also finds that collateral estoppel applies to preclude the issue of the dischargeability as to the trade secrets debt under § 523(a)(4). Under that subsection a debt is nondischargeable if the debt was incurred by "fraud or defalcation while acting in a fiduciary capacity, or by embezzlement, or larceny." The Court will first note that under the plain reading of the statute, as prescribed in the bankruptcy context by the Supreme Court in *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989), debts resulting from larceny are nondischargeable whether or not done while acting in a fiduciary capacity. This is because the words "while acting in a fiduciary capacity" do not qualify the words "embezzlement" or "larceny." 3 Collier on Bankruptcy, § 523.14[3] (15th ed. 1995). See also *In re Baer,* 161 B.R. 334 (Bankr.N.Y.1993). The Court will next note that according to *Blacks Law Dictionary* (Sixth Edition), larceny can be defined as the actual or constructive taking

away of property of another without the consent and against the will of the owner or possessor with the intent to convert to the use the property to the use of someone other than the owner. This Court believes such a definition was the intent of the drafter's of § 523(a)(4).

 For these reasons, this Court believes that the misappropriation of trade secrets in this case qualifies as larceny pursuant to § 523(a)(4). To be liable for the misappropriation of trade secrets, a tortfeasor must have acquired trade secrets of another and converted them to her own use. This Court can only conclude that this conversion is the "constructive taking away of property of another," and therefore falls within the definition of larceny as required for nondischargeability under § 523(a)(4).

Thus, this Court finds that the misappropriation of trade secrets debt is nondischargeable under both sections 523(a)(6) and 523(a)(4). This, however, is only a portion of the State Court award, representing One Thousand Two Hundred Twenty-six Dollars and 07/100 Dollars ($1,226.07) for lost profits due to Debtor's misappropriation of trade secrets. The State Court's Judgment Entry also provides for two other types of compensation to Plaintiff from Debtor. Plaintiff was also awarded One Thousand Seven Hundred Eighty-eight Dollars ($1,788.00) for the unpaid balance of a personal loan made by Plaintiff to Debtor while she was still in Plaintiff's employ, and for Plaintiff's attorney fees which totaled Thirty-one Thousand Three Hundred Fifty-six and 62/100 Dollars ($31,356.62).

 As for the portion of the judgment representing the unpaid personal loan, there has been no evidence brought forward by the Plaintiff regarding the circumstances surrounding the creation of the personal loan. Accordingly, having no basis for determining whether the creation of the personal loan meets the requirements necessary to be excepted from discharge as required by the Bankruptcy Code, the Court finds that summary judgment is inappropriate as to the amount of the State Court judgment representing the unpaid personal loan.

 As for the portion of the judgment representing the attorneys fees, the

Court notes that attorneys fees flowing from a nondischargeable debt are also excepted from discharge when such fees were awarded in the judgment giving rise to the nondischargeable debt. *In Re Harper,* 117 B.R. 306, 313 (Bankr.N.D.Ohio 1990); *In Re Horowitz,* 103 B.R. 786, 790 (Bankr. N.D.Miss.1989); *In Re Valentine,* 104 B.R. 67, 72 (Bankr.S.D.Ind.1988). However, having found that summary judgment is inappropriate as to the portion of State Court judgment representing the unpaid personal loan, it is also inappropriate to grant summary judgment as to the portion of the attorney fees attributable to the unpaid personal loan. Because the Plaintiff has not presented any evidence detailing the attorney fees in the State Court case, this Court is unable to effectively determine, without further evidence, what portion of the attorneys fees are attributable to the trade secret portion of the litigation and should be found nondischargeable under the present Motion for Summary Judgment. See *In Re Harper,* 117 B.R. at 314. Thus, this Court will deny Summary Judgment as to the portion of the State Court judgment awarding attorney's fees.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly,

It is **ORDERED** that the Motion for Summary Judgment of Rowe Oil, Inc. be, and is hereby, *GRANTED IN PART,* and that the sum of One Thousand Two Hundred Twenty-six and 07/100 Dollars ($1,226.07) representing damages due to Plaintiff for misappropriation of trade secrets be, and is hereby, *NONDISCHARGEABLE.*

It is **FURTHER ORDERED** that a Trial will be held on Thursday, January 4, 1996, at 10:00 A.M. in Courtroom # 2, Room 119, United States Courthouse, 1716 Spielbush Avenue, Toledo, Ohio regarding the unresolved issues, in accordance with this Opinion.