**In re Naomi E. POWERS, Debtor.**

**James Powers, Plaintiff,**

v.

**Naomi E. Powers, Defendant.**

**Bankruptcy No. 07–54615.**
**Adversary No. 07–02325.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

March 27, 2008.

---

Rose M. Fox, Zanesville, OH, for Debtor/Plaintiff.

Jetta Mencer, Newark, OH, for Plaintiff.

### MEMORANDUM OPINION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

C. KATHRYN PRESTON, Bankruptcy Judge.

James Powers ("Plaintiff") initiated this adversary proceeding to determine the dischargeability of a state court judgment entered in his favor against Defendant Naomi E. Powers ("Defendant" or "Debtor"). In February 2006, Plaintiff sued the Defendant in the Common Pleas Court of Licking County, Ohio in connection with a check made payable to Plaintiff which Defendant deposited into her separate account.[1] Following a bench trial, the Common Pleas Court ("State Court") entered judgment on March 5, 2007 ("Judgment"), finding for Plaintiff and granting judgment against Defendant in the amount of $20,169. The State Court also granted judgment against Defendant for Plaintiff's

---

1. *Powers v. Powers*, Case No. 06–CV–0220, Licking County Court of Common Pleas.

attorney fees and expenses in the amount of $7,669.38. Plaintiff now seeks determination that these debts are excepted from discharge under 11 U.S.C. § 523(a)(2)(A) and (4).

Before the Court are the Plaintiff's Motion for Summary Judgment (Doc. 6), Defendant's Response thereto (Doc. 7), and Plaintiff's Reply (Doc. 9). Because the elements necessary to show embezzlement under § 523(a)(4) are evident in the State Court's factual findings, the judgment debt of $20,169 is nondischargeable. However, there is insufficient evidence to determine how much, if any, of the $7,669.38 in attorney fees is nondischargeable, and summary judgment as to this issue is inappropriate at this time.

### I. Jurisdiction

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the general order of reference entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### II. Factual and Procedural History

The facts relevant to this proceeding are taken directly from the findings of the State Court, as recited in the Judgment entered March 5, 2007:

2. Plaintiff's request for a judgment against the Defendant for taking the check dated December 30, 2005, from Daniel's Tree Service, Inc. payable to James P. Powers is GRANTED. The Court finds that on January 9, 2006, the Defendant inappropriately and in bad faith deposited the check into an account only in her name without authority to do so. This action was in direct violation of how the parties had agreed the Defendant would handle the Plaintiff's checks (i.e. by depositing the checks into his checking account and paying his bills)

and different than how she had handled 15 previous checks. Defendant's actions were also after she had determined in mid-December 2005 that she was leaving the Plaintiff and after she had started a relationship with another man. Therefore, Plaintiff is granted a judgment against the Defendant in the amount of Twenty Thousand One Hundred Sixty Nine Dollars ($20,169) plus statutory interest effective January 9, 2006.

3. Plaintiff's request for a judgment against the Defendant for his attorney fees is taken under advisement pending the Court's receipt of the Plaintiff's authority on this issue.

Judgment ¶¶ 2 and 3.

On April 23, 2007, the State Court entered a second judgment in favor of Plaintiff, granting judgment against Defendant in the amount of $7,669.38 for attorney fees and expenses, plus interest from February 23, 2007. Less than two months later on June 15, 2007, Defendant filed a voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code. Shortly thereafter Plaintiff filed a complaint to determine whether the judgment debts are nondischargeable. Plaintiff asserts that the doctrine of collateral estoppel applies to the Judgments to bar relitigation of the issues contained therein, that the facts recited in the Judgments conclusively establish that the debts are nondischargeable under 11 U.S.C. § 523(a)(2)(A) and (4), and that Plaintiff is therefore entitled to summary judgment. The Defendant argues that the State Court's findings do not meet the standards of § 523 and therefore do not merit collateral estoppel.

### III. Legal Analysis

#### A. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary

proceedings by Bankruptcy Rule 7056, provides that summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment bears the initial burden of "informing the ... court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

If the movant satisfies this burden, the nonmoving party must then "set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2). The mere allegation of a factual dispute is not sufficient to defeat a motion for summary judgment; to prevail, the nonmoving party must show that there exists some genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248, 106 S.Ct. 2505.

When deciding a motion for summary judgment, all justifiable inferences must be drawn in favor of the nonmoving party. *Id.* at 255, 106 S.Ct. 2505. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## B. Issue Preclusion

■ Courts apply the doctrine of issue preclusion, traditionally called collateral estoppel,[2] to prevent "parties or their privies from relitigating facts and issues in a subsequent suit that were fully litigated in a prior suit." *Thompson v. Wing,* 70 Ohio St.3d 176, 637 N.E.2d 917, 923 (1994). This conserves scarce judicial resources by minimizing repetitive litigation, protects parties from the cost and inconvenience of multiple lawsuits, and prevents inconsistent results. *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).

■ The Supreme Court has held that issue preclusion principles are applicable to nondischargeability proceedings in bankruptcy cases. *Grogan v. Garner,* 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) ("[C]ollateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)."). Though bankruptcy courts have exclusive jurisdiction to determine dischargeability issues, this "does not require the bankruptcy court to redetermine all the underlying facts" of the case if they were previously determined in an earlier lawsuit. *Spilman v. Harley,* 656 F.2d 224, 227 (6th Cir.1981). "[W]here all the requirements of collateral estoppel are met, collateral estoppel should preclude relitigation of factual issues." *Id.* at 228.

■ The application of issue preclusion in a nondischargeability action de-

---

**2.** The United States Supreme Court has expressed a preference for use of the term "issue preclusion" over the term "collateral estoppel." *See Corzin v. Fordu (In re Fordu),* 201 F.3d 693, 702–03 (6th Cir.1999) (citing

*Migra v. Warren City School District Board of Education,* 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984)). Within this opinion, however, the terms are used interchangeably.

pends on whether the prior state court judgment would be afforded preclusive effect under state law. *The Spring Works, Inc. v. Sarff (In re Sarff)*, 242 B.R. 620, 624 (6th Cir. BAP 2000).

In order to successfully assert collateral estoppel under Ohio law, a party must plead and prove the following elements: (1) the party against whom estoppel is sought was a party or in privity with a party to the prior action; (2) there was a final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue; (3) the issue must have been admitted or actually tried and decided and must be necessary to the final judgment; and (4) the issue must have been identical to the issue involved in the prior suit.

*Id. (citing Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979)).

First, the party against whom issue preclusion is being asserted here, Defendant Naomi E. Powers, was defendant in the prior litigation, thereby satisfying the privity requirement. Second, the State Court's Judgment followed a bench trial at which both parties were present and represented by counsel (Judgment at 1), which satisfies the second requirement that parties had full and fair opportunity to litigate. Third, the State Court issued specific findings regarding Defendant's actions and her underlying motivations, indicating that those facts were either admitted or tried before the Court; neither party has claimed that the state court's findings were not necessary to the Judgment entered against the Defendant on March 5, 2007.

█ It is evident that the first three requirements have been satisfied. The fourth and final element is whether the issues in the prior state court case are identical to those presented in this adver-

sary. To the extent the issues are identical, this Court is precluded from relitigating here those facts and legal conclusion already decided by the State Court. "[T]he whole premise of [issue preclusion] is that once an issue has been resolved in a prior proceeding, there is no further fact-finding function to be performed." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 336 n. 23, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). The question, then, is whether the facts determined by the State Court are the same facts this Court must determine to resolve the issue of dischargeability. The Court will therefore refer only to those facts set out in the Judgment to determine the issue of dischargeability.

## C. The Judgment Debt Is a Debt for Embezzlement and Is Excepted from Discharge by 11 U.S.C. § 523(a)(4)

Section 523 of the Bankruptcy Code provides, in relevant part, as follows:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

. . . .

(4) For fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny[.]

11 U.S.C. § 523(a)(4).

█ The phrase "while acting in a fiduciary capacity" applies only to the words "fraud or defalcation"; embezzlement and larceny are separate grounds for nondischargeability under § 523(a)(4) whether or not a fiduciary relationship existed. *Nat'l City Bank v. Imbody (In re Imbody)*, 104 B.R. 830, 840 (Bankr. N.D.Ohio 1989). Therefore, a plaintiff can prevail under § 523(a)(4) by establishing that the defendant committed either (1) fraud or defalcation while acting in a fidu-

ciary capacity,[3] or (2) embezzlement, or (3) larceny.

■■■■ For the purposes of § 523(a)(4), embezzlement is the " 'fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come.' " *Brady v. McAllister (In re Brady)*, 101 F.3d 1165, 1172–73 (6th Cir.1996) (citing *Gribble v. Carlton (In re Carlton)*, 26 B.R. 202 (Bankr.M.D.Tenn.1982)). "A creditor proves embezzlement by showing that he entrusted his property to the debtor, the debtor appropriated the property for a use other than that for which it was entrusted, and the circumstances indicate fraud." *Brady*, 101 F.3d at 1173 (citing *Ball v. McDowell (In re McDowell)*, 162 B.R. 136, 140 (Bankr.N.D.Ohio 1993)). The fraud element may also be satisfied by a showing of deceit. *See Imbody*, 104 B.R. at 841 (stating that "[m]ost courts that have considered the issue have held that acting with deceit will satisfy the fraudulent intent requirement" of embezzlement); *H.P. Marketing Corp. v. Mills (In re Mills)*, 210 B.R. 289, 292 (Bankr.N.D.Ohio 1996) (stating the third element of embezzlement is the use of "some form of fraud or deceit"). Each of these elements must be proven by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) (holding that the standard of proof for the dischargeability exception in 11 U.S.C. § 523(a) is the ordinary preponderance-of-the-evidence standard).

While the State Court did not use the term "embezzlement" when describing the Defendant's activities, the factual findings of the State Court recited in the Judgment are sufficient to establish all three of the requirements necessary to show embezzlement under § 523(a)(4). First, Plaintiff entrusted his property to the Defendant. The check from Daniel's Tree Service was made payable to James P. Powers and was therefore the property of the Plaintiff. Plaintiff and Defendant had an agreement whereby Defendant would deposit Plaintiff's checks into Plaintiff's checking account and use that account to pay his bills, such agreement having been in effect for the handling of at least fifteen (15) previous checks. The existence of such a recurrent practice indicates that Plaintiff entrusted his checks, including the $20,169 check in question, to Defendant on a regular basis and for a specific purpose.

Second, the Defendant appropriated the property for a use other than that for which it was entrusted. The State Court found that "the parties had agreed [how] the Defendant would handle the plaintiff's checks (i.e. by depositing the checks into his checking account and paying his bills)[.]" Judgment ¶ 2. Notwithstanding their agreement, the Defendant appropriated the check for her own use, which was clearly contrary to the Plaintiff's intended use of the check and the purpose for which it was entrusted to the Defendant.

Third, the circumstances described by the State Court indicate fraud or intent to

---

**3.** While Plaintiff's Motion for Summary Judgment cursorily discusses "fraud or defalcation while acting in a fiduciary capacity," it is apparent that this particular basis for nondischargeability is not applicable in this case. The "fiduciary capacity" component has been interpreted by the Sixth Circuit Court of Appeals to apply only to those situations involving an express or technical trust; establishing the existence of such a trust requires the

creditor to show "(1) an intent to create a trust; (2) a trustee; (3) a trust res; and (4) a definite beneficiary." *Ohio Carpenter's Pension Fund v. Bucci (In re Bucci)*, 493 F.3d 635, 639–40 (6th Cir.2007) (quoting *Commonwealth Land Title Co. v. Blaszak (In re Blaszak)*, 397 F.3d 386, 391–92 (6th Cir.2005)). There is nothing contained in the Judgment to indicate that these elements are present.

deceive. The State Court made no specific finding of fraud, but such intent can be inferred from the relevant circumstances. *See Imbody,* 104 B.R. at 841 ("Circumstantial evidence may be used to establish the elements of embezzlement"); *Williams v. Logan (In re Logan),* 313 B.R. 745, 749 (Bankr.S.D.Ohio 2004) ("Intent to deceive [under § 523(a)(2)(A)] may be inferred from a debtor's actions at the time of and subsequent to the loss."); *Beverly Enterprises v. Eversole (In re Eversole),* 110 B.R. 318, 324 (Bankr.S.D.Ohio 1990) ("[T]he existence of fraud may be inferred if the totality of the circumstances presents a picture of deceptive conduct by the debtor which indicates he intended to deceive or cheat the creditor.") The State Court found that Defendant had determined to leave the Plaintiff and had already started a relationship with another man. Judgment ¶ 2. Shortly thereafter, she "inappropriately and in bad faith ... [and] without authority" deposited to her sole account a check that was payable to and property of the Plaintiff, contrary to her established procedure. *Id.* She evidently never submitted the funds to the Plaintiff, nor reimbursed him for the amount of the check. Even without a specific finding of fraud by the State Court, that court's findings of fact, when viewed in the aggregate, clearly establish Defendant's fraudulent intent.

■ While a bankruptcy court may adopt the findings of the non-bankruptcy court where such findings have been fully litigated, the final determination of dischargeability or nondischargeability belongs exclusively to the bankruptcy court. *Gattalaro v. Pulver (In re Pulver),* 327 B.R. 125, 133 (Bankr.W.D.N.Y.2005). The State Court's findings as stated in the Judgment establish that Defendant's actions with regard to the Plaintiff's $20,169 check amounted to embezzlement as de-

fined by federal law. This Court therefore concludes that the $20,169 judgment in favor of Plaintiff and against Debtor is a debt for embezzlement, and such debts are excepted from discharge pursuant to 11 U.S.C. § 523(a)(4).

The Court, having found the $20,169 judgment to be nondischargeable under § 523(a)(4), finds no need to consider further whether the same debt is also nondischargeable under 11 U.S.C. § 523(a)(2)(A).

### D. The Award of Attorney Fees and Costs

In addition to the first judgment against Defendant in connection with the misappropriated check, the State Court also entered a second judgment against Defendant for attorney fees and expenses in the amount of $7,669.38. Plaintiff also seeks a determination that this sum is nondischargeable.

■ Generally, where a state court judgment is held nondischargeable, the attorney fees incurred as a result of obtaining that judgment are nondischargeable as well. *Rowe Oil, Inc. v. McCoy (In re McCoy),* 189 B.R. 129, 136 (Bankr. N.D.Ohio 1995) ("[A]ttorneys fees flowing from a nondischargeable debt are also excepted from discharge when such fees were awarded in the judgment giving rise to the nondischargeable debt."); *see also American Express Travel Related Serv. Co., Inc. v. Willaims (In re Williams),* 1996 WL 350135, *2 (Bankr.N.D.Ohio 1996) (holding that legal fees awarded as part of a default judgment were nondischargeable when the debtor conceded to the nondischargeability of the principal amount of the judgment); *Freer v. Weinstein (In re Weinstein),* 173 B.R. 258, 277 (Bankr.E.D.N.Y.1994) (interpreting the phrase "for any debt ..." in § 523(a) broadly to include attorney's fees and expenses).

However, the Judgment of March 5, 2007 encompasses the State Court's decision on three distinct matters: (1) Plaintiff's request for judgment against the Defendant regarding the $20,169 check; (2) Plaintiff's request for judgment against the Defendant regarding $849.65 owed on an apartment lease; and (3) Defendant's request for judgment against the Plaintiff regarding $2,408.97 for items charged by the Defendant for Plaintiff's benefit. Only the judgment regarding the $20,169 checks was at issue in this dischargeability action, and only the attorney fees incurred in prosecuting this portion of the action before the State Court would be nondischargeable. *See McCoy,* 189 B.R. at 136. The State Court's second judgment of April 23, 2007 does not specify what portion of the total attorney fees awarded is attributable to the misappropriated check, and the State Court's second judgment cannot operate to preclude further proceedings to determine the dischargeability of that sum. The Plaintiff has presented no evidence bearing on the issue. Therefore, summary judgment cannot be granted on the issue of nondischargeability of attorney fees.

## IV. Conclusion

For the foregoing reasons, the Court concludes that the $20,169 judgment debt owed by Defendant to Plaintiff is nondischargeable, and Plaintiff is entitled to judgment as a matter of law with respect to this issue. However, the Court also concludes that a genuine issue of material fact exists as to how much of the attorney fees, if any, are attributable to the embezzled check and are therefore nondischargeable.

A trial shall be held on the issue of dischargeability of attorney fees on April 28, 2008 at 9:30 a.m. in Courtroom C, U.S. Bankruptcy Court, 170 North High Street, Fifth Floor, Columbus, Ohio 43215.

**IT IS SO ORDERED.**