**In re Paul W. GEIGER, Debtor.**

**Margaret KAWAAUHAU and Solomon Kawaauhau, Plaintiffs,**

**v.**

**Paul W. GEIGER, Defendant.**

**Bankruptcy No. 89–01062–BKC–DPM. Adv. No. 89–0154.**

United States Bankruptcy Court, E.D. Missouri, E.D.

April 17, 1990.

Michael K. Sheehan, St. Louis, Mo., for debtor/defendant.

Norman W. Pressman, St. Louis, Mo., for plaintiffs.

A. Thomas DeWoskin, Trustee, St. Louis, Mo.

James S. Cole, Asst. U.S. Trustee, St. Louis, Mo.

## MEMORANDUM OPINION

DAVID P. McDONALD, Chief Judge.

### I. JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(I), which the Court may hear and determine.

### II. PROCEDURAL BACKGROUND

The Debtor, Dr. Paul W. Geiger, filed his voluntary Chapter 7 petition on March 16, 1989. A Complaint To Determine Dischargeability Of Debt was filed by judgment creditors Margaret and Solomon Kawaauhau on June 23, 1989. Debtor's Answer To Complaint To Determine Dischargeability was filed with the Court on July 26, 1989. The Debtor also filed a Motion For Summary Judgment and its brief in support thereof on July 26, 1989. In response, creditors filed their Memorandum In Opposition To Debtor's Motion For Summary Judgment on August 22, 1989. A hearing was held on the Debtor's Motion For Summary Judgment on September 15, 1989, and at the request of the parties, the Court took the matter under submission.

The Court, having examined the pleadings filed in this matter, having received and examined memoranda of law submitted by the parties in support of their respective positions, and being fully advised in the premises, makes the following Findings Of Fact and Conclusions Of Law.

### III. FACTUAL BACKGROUND

On October 18, 1985, Margaret and Solomon Kawaauhau filed a medical malpractice case against Dr. Paul W. Geiger in Hilo, Hawaii alleging that Dr. Geiger's negligence injured Margaret Kawaauhau and gave rise to the injuries suffered by Solomon Kawaauhau, her husband. A jury trial was conducted in the Third Circuit Court for the State of Hawaii from February 23, 1987 to February 27, 1987. At the conclusion of the trial, the jury found that Dr. Geiger was negligent and held that his negligence was the legal cause of injury to the Plaintiffs. However, the jury reduced the award of special and general damages by 10%, finding Margaret Kawaauhau 10% contributorily negligent. No punitive damages were awarded. On March 25, 1987, a judgment against Dr. Paul W. Geiger was entered by the Honorable Ernest Kubota. The total judgment awarded in favor of Plaintiffs Margaret and Solomon Kawaauhau was in the amount of $355,040.

### IV. DISCUSSION AND ANALYSIS

The Debtor's Motion For Summary Judgment raises two legal issues which his counsel contends preclude litigation of the creditors' Complaint To Determine Dischargeability and entitle the Debtor to a judgment as a matter of law. Summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7056. Rule 56(c) provides that summary judgment

... shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

FRCP 56(c).

The Debtor asserts that no genuine dispute exists on any material fact because all facts necessary to determine the dischargeability of its debt were established in the prior state court proceeding. Therefore, the Debtor requests that the Court apply the principles of res judicata and collateral estoppel to preclude relitigation of facts establishing willful and malicious injury within the meaning of 11 U.S.C. § 523(a)(6).

In *Brown v. Felsen,* 442 U.S. 127, 139–40, 99 S.Ct. 2205, 2213, 60 L.Ed.2d 767 (1979), the Supreme Court concluded that the exclusive jurisdiction granted to bankruptcy courts to resolve questions of dischargeability under section 17(a) of the Bankruptcy Act prevented the application of claim preclusion—res judicata—to resolve questions of dischargeability. *See, In re Garner,* 881 F.2d 579, 581 (8th Cir. 1989), where the court found that the logic of the *Brown* decision also applied to issues arising under section 523(a) of the Bankruptcy Code, the provision which replaced section 17(a) of the Act. In *Garner,* the Eighth Circuit noted that issue preclusion—collateral estoppel—could still be applied in a later dischargeability proceeding. " 'If, in the course of adjudicating a state-law question, a state court should determine factual issue using standards identical to those of § 17, then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court.' " *Id., quoting, Brown,* 442 U.S. at 139 n. 10, 99 S.Ct. at 2213 n. 10.

In determining whether issue preclusion is to be given effect, a number of bankruptcy courts have adopted a four point test. First, the issue sought to be precluded must be identical to the one in the prior action. Second, the issue must have been actually litigated in the prior action. Third, the prior determination must have resulted in a valid and final judgment. Finally, the determination of the facts for which preclusion is sought must have been necessary to the outcome. *In re McQueen,* 102 B.R. 120, 123 (Bankr. S.D.Ohio 1989); *see also, In re Ross,* 602 F.2d 604, 608 (3rd Cir.1979). In addition, the burden of proof required in the prior proceeding must be no less than that required to establish an exception to discharge under section 523(a). *Garner,* 881 F.2d at 581. A finding of willful and malicious conduct on the part of a debtor must be based on "clear and convincing evidence." *See, e.g., In re Ikner,* 883 F.2d 986, 989 (11th Cir.1989). In the underlying case, Judge Kubota applied Hawaii substantive law and instructed the jury as follows:

> The burden is on the plaintiffs to prove their claim by a preponderance of the evidence. To prove by a preponderance of the evidence means to prove that something is more likely so than not so. It means to prove by evidence which, in your opinion, convinces you that something is more probably true than not true. *Transcript of Proceedings,* p. 60 (Feb. 27, 1987).

Therefore, the evidentiary standard employed at the prior proceeding does not satisfy the "clear and convincing" standard required under 11 U.S.C. § 523(a)(6).

Nonetheless, the Debtor contends that the Plaintiffs are collaterally estopped from raising the issue of willful and malicious conduct because the jury award in Hawaii was premised on a finding of negligence. However, the Plaintiffs seek to except the Hawaii judgment from discharge pursuant to the terms of 11 U.S.C. § 523(a)(6) which employs an entirely different standard of culpability. Section 523(a)(6) provides that a debtor is not discharged from any debt for willful and malicious injury by the debtor to another entity. A review of the jury instructions and the special verdict form reveals that the issues of willfulness and maliciousness were not actually litigated or necessary to the jury determination. Therefore, the Court finds that the precise issue of whether the Plaintiffs' injuries arose from the willful and malicious conduct of the Debtor was not actually litigated in the Hawaii court. Accordingly, the Court finds that genuine issues of material fact exist on this issue and, holds that summary judgment in favor of Debtor–Defendant is not appropriate.