In re Robert D. MILLER and Joann Miller, Debtors.

ST. PAUL FIRE & MARINE INSURANCE COMPANY, Plaintiff,

v.

Robert D. MILLER and Joann Miller, Defendants.

Bankruptcy No. 90–01710–DPM. Adv. No. 90–0215(2).

United States Bankruptcy Court, E.D. Missouri, E.D.

Jan. 16, 1991.

Alan J. Baker, St. Louis, Mo., for debtors.

Timothy J. Gallagher, St. Louis, Mo., for plaintiff.

James S. Cole, Asst. U.S. Trustee, St. Louis, Mo.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

## JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(I), which the Court may hear and determine.

## INTRODUCTION

The Debtors filed their voluntary Chapter 7 petition on April 11, 1990. The Plaintiff, St. Paul Fire & Marine Insurance Company ("St. Paul"), is listed as a general unsecured creditor on the schedules of indebtedness accompanying the Debtors' petition. St. Paul filed its Complaint To Determine Dischargeability Of Debt on July 16, 1990. The Debtors filed their Answer July 26, 1990, and the parties joined in a Stipulation of Facts on October 12, 1990. Pursuant to a Court Order of September 18, 1990, St. Paul filed its brief on October 22, 1990. The Debtors, after receiving an additional ten days within which to file, failed to provide this Court with a brief in opposition to Plaintiff's Complaint.[1] At the request of the parties, the Court took the matter under submission.

## FACTUAL BACKGROUND

The debt owed to Plaintiff arises from a judgment rendered by the Honorable Stephen N. Limbaugh of the United States District Court for the Eastern District of Missouri on January 17, 1986 in the matter captioned *St. Paul Fire & Marine Insurance Company v. Complete Insurance*

*Services, Inc. and Robert D. Miller*, No. 84–1693C(5), slip op. (Jan. 17, 1986). Judge Limbaugh's decision encompassed three separate counts: Count I alleged that Debtor Robert D. Miller, the defendant insurance agent, received monies from an insured and failed to pay the premium to Plaintiff insurance company; Count II is a suit for balances due Plaintiff from Debtor/Defendant on an open account; and, under Count III, Plaintiff sued Defendants Robert Miller and Complete Insurance Services, Inc. on a promissory note. The District Court awarded Plaintiff $49,416.00 plus pre-judgment interest of $6,671.16 for a total of $56,087.16 on Count I, $5,000.00 plus interest of $675.00 for a total of $5,675.00 on Count II and, on Count III, awarded Plaintiff $14,584.40 plus interest of $1,968.90 for a total of $16,553.30. The total amount awarded the Plaintiff was $78,315.46. To date, a total of $617.29 has been received from the Debtor Robert Miller by Plaintiff in satisfaction of the debt arising from the District Court judgment.

## DISCUSSION

■ The Court, having examined the evidence submitted and after review of the Memorandum entered by the District Court, finds that only Count I of the Plaintiff's District Court Complaint sets out a cause cognizable under § 523(a)(4). It is clear that Counts II & III are based on contractual arrangements that existed between the Debtor, Complete Insurance Services and St. Paul. The Court notes that the Plaintiff has not alleged that the claims arising under these agreements were in any way related to the allegation of defalcation contained in Count I. Accordingly, the Court holds that as to Counts II & III the Plaintiff fails to state a claim for which an exception to discharge may be granted. Therefore, the Court finds that the debts arising from the judgment of the District Court on Counts II & III are dischargeable.

---

1. Plaintiff filed a Motion on November 6, 1990, requesting that the Court exercise its discretionary authority and enter judgment in favor of Plaintiff in accordance with Bankruptcy Rules 7016, 7037 and 7056. While the Court does not condone Debtors' failure to file a brief in con-

travention of its September 18th Order, the Court notes that the parties have agreed that the case would be decided on the merits as submitted. Accordingly, the Plaintiff's Motion For Judgment is hereby DENIED.

■ Plaintiff alleges that the debt arising from Count I of the District Court decision is nondischargeable under the terms of 11 U.S.C. § 523(a)(4). Section 523(a)(4) provides that a debtor is not discharged from any debt for fraud or defalcation that arose while the debtor was acting in a fiduciary capacity. The Plaintiff contends that the doctrine of collateral estoppel—issue preclusion—is applicable in this case and serves to bar the relitigation of those issues decided by the District Court. As this Court noted in *In re Geiger* 114 B.R. 649, 651 (Bankr.E.D.Mo.1990), issue preclusion will apply to a dischargeability proceeding if: 1) the issue sought to be precluded is identical to the one in the prior action, 2) the issue was actually litigated in the prior action, 3) the prior determination resulted in a valid and final judgment and, 4) the determination of the facts for which preclusion is sought must have been necessary to the outcome.

The District Court found that by operation of Missouri law Debtor/Defendant Robert Miller was acting in a fiduciary capacity, and thus was under a duty to remit to Plaintiff those insurance premiums he collected on behalf of St. Paul. The issue of fiduciary capacity is identical to the one before the District Court, was actually litigated there, resulted in a valid and final judgment, and was necessary to the outcome of the case. Accordingly, collateral estoppel applies to this first prong of the dischargeability analysis under § 523(a)(4).

■ The Court notes that Judge Limbaugh's decision did not address the question whether Joann Miller acted in a fiduciary capacity. She was not individually named in the original complaint filed with the District Court. Therefore, the Court is unable to determine whether or not the debt arising from the District Court's decision on Count I is dischargeable with respect to Joann Miller. Accordingly, pursuant to the Order to be entered this date, the Court will schedule a hearing at which the parties shall have the opportunity to present evidence regarding the dischargeability of any liability that might attach to Debtor/Defendant Joann Miller under the District Court's Order on Count I.

■ The second element of this dischargeability determination requires an analysis of the burden of proof applied by the District Court in its assessment of Debtor Robert Miller's defalcation. That is, the Court is required to determine whether the District Court found by a preponderance of the evidence that the Debtor committed a defalcation. *See Grogan v. Garner,* — U.S. —, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) (ordinary preponderance of the evidence standard governs the applicability of all discharge exceptions). Applying Missouri law, the District Court found that Debtor's failure to remit insurance premiums was, as a matter of law, a defalcation. Therefore in the absence of any countervailing testimony or offer of proof, the Court finds that the District Court decision shall be given full effect under the doctrine of collateral estoppel as it applies to the dischargeability of Debtor/Defendant Robert Miller's debt under Count I. Accordingly, this Court finds that as to Robert Miller, the debt arising from Count I of the matter entitled *St. Paul Fire & Marine Insurance Company v. Complete Insurance Services, Inc. and Robert D. Miller,* Case No. 84–1693C(5) is exempt from discharge pursuant to 11 U.S.C. § 523(a)(4). The Court further finds that the obligation is in the amount of $55,654.18, an amount equal to the original obligation less $441.98, a pro rata allocation of the monies already received by St. Paul from Debtor/Defendant Paul Miller in satisfaction of the indebtedness arising under Count I.

An Order consistent with this Memorandum Opinion shall be entered this date.