In re Justin BALTA, Debtor.

ENGLER ENGINEERING CORPORATION, Plaintiff,

v.

Justin BALTA, Defendant.

Bankruptcy No. 89–01885–293.
Adv. No. 89–0191(2).

United States Bankruptcy Court, E.D. Missouri, E.D.

March 4, 1993.

Donna M. Sommars, St. Louis, MO, for plaintiff.

Theodore D. Dearing, Clayton, MO, for debtor/defendant.

Robert J. Blackwell, St. Louis, MO, trustee.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(I), which the Court may hear and determine.

### PROCEDURAL BACKGROUND

Plaintiff, Engler Engineering Corporation (Engler) commenced this adversary proceeding on August 1, 1989, contesting the dischargeability of the debt Mr. Balta owed it. Thereafter, Engler filed a motion for summary judgement (supported by the affidavit of its President) asserting that a Florida state court had resolved all the factual issues bearing upon the dischargeability of the debt Debtor owed it and that collateral estoppel applied to bar the relitigation of those matters in this court.

### FACTUAL BACKGROUND

(1) In 1985, Engler Engineering sued Justin Balta in the Circuit Court of the 11th Judicial Circuit in and for Dade County, Florida. In its suit, Engler alleged, among other things, that Debtor Balta owed it for money lent, converted property belonging to the corporation and possessed certain of Engler's trade secrets.

(2) After a trial at which Mr. Balta was represented by counsel, the Florida court entered a judgement in favor of Engler. The Florida court found that:

(a) Mr. Balta had "intended to deprive and did appropriate and convert to his own use and the use of his corporation ... trade secrets of the Plaintiff [Engler];" and

(b) Debtor had "while in the employ of the Plaintiff, personally received delivery of patents, trademarks, customer lists and other assets of CALIFORNIA TECHNIQUES, Ltd. for delivery to the Plaintiff ... and converted the said items for his own use."[1]

---

1. The Florida court also found the amount of $21,699.54 owing from Mr. Balta to Engler. Plaintiff has not alleged that this amount is nondischargeable but rather has asked that this court to deny Debtor a discharge of the $90,-

(3) The Florida court valued the trade secrets Debtor misappropriated at $27,000.00 and awarded Engler three times this amount[2] plus attorney's fees of $9,500.00 for an award of $90,500.00 with interest to begin accruing on the date of the entry of the court's judgement at a rate of 12 percent (12%) per annum.

## DISCUSSION

The Supreme Court has held that bankruptcy courts deciding dischargeability issues may, in appropriate circumstances, give collateral estoppel effect to state court decisions. *Grogan v. Garner*, 498 U.S. 279, ——, 111 S.Ct. 654, 658, 112 L.Ed.2d 755 (1991) (footnote 11). The *Grogan* court also held that a plaintiff who requests that a bankruptcy court except the debt owed him from discharge need only prove by a preponderance of the evidence that such debt qualifies for exception from discharge. 498 U.S. at ——, 111 S.Ct. at 661.

■ This court, like many bankruptcy courts, has previously referred to a four point test to determine whether collateral estoppel (issue preclusion) applies in a given case. *In re Geiger*, 114 B.R. 649, 651 (Bankr.E.D.Mo.1990). For collateral estoppel to apply, this court must find that: (1) the issue sought to be precluded is identical to the one litigated in a prior action; (2) the issue was actually litigated in the prior action; (3) the prior determination resulted in a valid and final judgement; and (4) the factual determination for which preclusion is sought was necessary to the prior outcome. *Id.*

■ Engler Engineering has claimed that Sections 523(a)(2), (4) and (6) of the Bankruptcy Code prohibit the discharge of the debt Justin Balta owes it. To prevail on its claim of nondischargeability based on section 523(a)(6), Engler must prove that the debt is one "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C.

523(a)(6). The Eighth Circuit has looked to the Restatement (Second) of Torts in defining "willful and malicious." *In re Long*, 774 F.2d 875, 881 (8th Cir.1985). The *Long* court held that to meet the willfulness component of section 523(a)(6), a debtor's actions creating the liability must have been "headstrong and knowing" and that to also qualify as "malicious" they would have to have been "targeted at the creditor ... at least in the sense that the conduct is certain or almost certain to cause financial harm." *Id.* The Florida court found that Debtor had "intended to deprive and did appropriate and convert to his own use and the use of his corporation ... trade secrets of the Plaintiff [Engler]" and that "while in the employ of the Plaintiff, [Debtor] personally received delivery of patents, trademarks, customer lists and other assets of CALIFORNIA TECHNIQUES, Ltd. for delivery to the Plaintiff ... and converted ... [these] items for his own use." These findings satisfy the definition of "willful and malicious" acts set forth by the Eighth Circuit in *In re Long*, 774 F.2d 875 (8th Cir.1985). The Florida court rendered a final judgement on the merits based on the aforequoted findings which were necessary to its decision. Mr. Balta was a party to that court's proceedings. All the requirements of collateral estoppel are present; so this court will apply collateral estoppel and find that the elements of section 523(a)(6) of the Bankruptcy Code have been proved. After applying collateral estoppel to Plaintiff's 523(a)(6) charge, the Court finds that no further genuine issue of material fact exists making the case one proper for summary disposition under Rule 56 of the Federal Rules of Civil Procedure. Hence, the Court holds that section 523(a)(6) bars the discharge of the $90,500.00[3] obligation Mr. Balta owes to Engler Engineering Corporation.

■ Engler also alleges that section 523(a)(4) of the Bankruptcy Code precludes

---

500.00 judgement the Florida court awarded it on the other counts of its petition in that suit.

**2.** Florida law provides for the award of treble damages in suits for theft of trade secrets. *See* Fla.Stat. § 812.035(7).

**3.** Section 523(a)(6) also excepts from discharge the interest the Florida court ordered paid on this amount.

the discharge of the debt Mr. Balta owes it. To prevail on its claim of nondischargeability based on 523(a)(4), Engler must prove that Mr. Balta incurred the debt he owes it as a result of "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." The Florida court determined that Justin Balta "while in the employ of the Plaintiff, personally received delivery of patents, trademarks, customer lists and other assets of CALIFORNIA TECHNIQUES, Ltd. for delivery to the Plaintiff ... and converted the said items for his own use." For the reasons previously stated, the Court gives collateral estoppel effect to this finding. Further, the Court finds that no genuine issue of material fact exists with respect to Engler's claim of nondischargeability based on section 523(a)(4). Hence, the Court will grant Engler's motion for summary judgement based on that subsection of the Code.

■ Engler bases its final claim of nondischargeability on section 523(a)(2) of the Bankruptcy Code. The Court assumes that Engler means to proceed under 523(a)(2)(A) which bars the discharge of a debt incurred through "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. 523(a)(2)(A).[4] Nowhere in the Florida court's judgement or in any other portion of the record does this Court find proof sufficient to sustain Plaintiff's motion for summary judgement on its claim of nondischargeability under section 523(a)(2)(A). Therefore, the Court will deny that part of Engler's motion for summary judgement.

---

**4.** Section 523(a)(2)(B) bars the discharge of a debt based on a statement in writing that is materially false, relates to the debtor's or an insider's financial condition, the creditor reasonably relied upon and which the debtor caused to be made or published with an intent to deceive. 11 U.S.C. 523(a)(2)(B). Engler did not plead the existence of a written statement by the Debtor in either this court or in the Florida proceedings, hence, the Court concludes Engler did not intend to proceed under this subsection.