**Edward Charles DOLAN, Appellant,**

v.

**STATE FARM FIRE & CASUALTY COMPANY, Appellee.**

**No. 96–1439.**

Supreme Court of Iowa.

Jan. 21, 1998.

Thomas L. Staack and James F. Kalkhoff of Dutton, Braun, Staack, Hellman & Iversen, P.L.C., Waterloo, for appellant.

Michael J. Coyle and Norman J. Wangberg of Fuerste, Carew, Coyle, Juergens & Sudmeier, Dubuque, for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, ANDREASEN, and TERNUS, JJ.

ANDREASEN, Justice.

The key issue in this case involves the intentional act exclusion of an insurance policy. Edward Dolan was injured as a result of an assault. He successfully brought a negligence action against the perpetrator. When the judgment for damages was not satisfied, Dolan brought a lawsuit against the perpetrator's insurer under Iowa Code section 516.1 (1993), our direct action statute. The insurer claimed there was no insurance coverage because of the intentional act exclusion.

Following trial, the district court found the perpetrator's actions were intentional and denied Dolan's request to compel judgment against the insurer. The Iowa Court of Appeals affirmed. On further review, we affirm the decision of the court of appeals and the district court ruling.

I. *Background Facts and Proceedings.*

Dolan was injured on May 17, 1991, at a golf pro shop where he worked when he was assaulted by Walter Olson, an intoxicated patron. Olson had consumed at least twelve beers before confronting Dolan concerning the location of his golf clubs. (The golf clubs were later found in Olson's car.) Olson grabbed Dolan's coat, pulled it over Dolan's head, and injured Dolan's shoulder. Olson was insured under a homeowner's policy issued by State Farm Fire & Casualty Company (State Farm).

Dolan brought suit against Olson on June 17, 1991, alleging he was injured as a result of Olson's negligence (Olson trial). After Dolan filed a complaint, the State charged Olson with criminal assault. State Farm engaged an attorney for Olson in defense of the civil action but reserved its right to defend

on the coverage issue. The attorney was authorized to defend the personal injury lawsuit, but had no authority to represent either party on the question of coverage. Olson was found guilty of criminal assault following a jury trial in September 1991.

In October 1993, Olson filed a bankruptcy petition. The purpose was to discharge any liability to Dolan. Legal counsel selected by State Farm did not assist in the bankruptcy proceedings. Notice of the bankruptcy was issued to Dolan as a creditor with an unsecured claim. After the bankruptcy court lifted the automatic stay, trial of the civil personal injury action was scheduled and tried.

At trial Dolan resisted Olson's attempt to submit an intentional tort defense. After Dolan offered his evidence, Olson's attorney moved for a directed verdict based on Dolan's failure to introduce evidence of negligence. The court concluded there was evidence to support a finding that Olson's actions were negligent or intentional and denied the motion. On November 15, 1993, the action was submitted to the jury on the negligence claim. The court did not submit an intentional act interrogatory or instruction. The jury found Olson was negligent and awarded $69,013.92 in damages. Judgment was entered on the verdict and no appeal was taken. On January 25, 1994, the bankruptcy court discharged Olson's debts and the judgment was declared null and void as to the personal liability of Olson.

This action was commenced by Dolan against State Farm in March 1994, based on the unsatisfied judgment entered against Olson (State Farm action). Dolan filed a motion for summary judgment claiming the underlying civil judgment entered in the negligence action was res judicata against State Farm. The motion was denied. Later, the court permitted Dolan to amend his petition to add counts of bad faith, fraud, and conspiracy.

The State Farm action was tried to the court in January 1996. On July 17, the court held res judicata, also known as issue preclusion, was not applicable because the issue of intentional act was not litigated in the Olson trial. The court found Olson's acts were intentional and therefore the policy did not provide coverage. The court also found Dolan had failed to prove bad faith, fraud, or conspiracy. Dolan appealed.

We transferred the appeal to the Iowa Court of Appeals. Iowa R.App. P. 401. After the court of appeals affirmed the district court rulings, we granted Dolan's request for further review. Iowa R.App. P. 402. Our review is for error at law. Iowa R.App. P. 4; *Falczynski v. Amoco Oil Co.*, 533 N.W.2d 226, 230 (Iowa 1995).

## II. *Issue Preclusion.*

■ Dolan argues State Farm raised as a defense that Olson's acts were intentional and that this identical issue was raised and litigated in the Olson trial. Olson had testified that although he did not have much of a recollection of what happened on May 17, 1991, he generally was a nonviolent person and had no reason to harm Dolan. Presumably, he concluded, whatever happened was negligently done while under the influence of alcohol.

Dolan urges State Farm participated in the defense of the Olson trial and that the doctrine of issue preclusion prevents the insurer from again litigating the negligence versus intentional act issue. He claims State Farm could have initiated a declaratory judgment action but it elected to do nothing, thus running the risk the insured would seek indemnity if coverage was established at trial.

■ Before issue preclusion may be employed, four prerequisites must be established. They are: (1) the issue concluded must be identical; (2) the issue must have been raised and litigated in the prior action; (3) the issue must have been material and relevant to the disposition of the prior action; and (4) the determination made of the issue in the prior action must have been necessary and essential to the resulting judgment. *Hunter v. City of Des Moines*, 300 N.W.2d 121, 123 (Iowa 1981).

The trial court found that the issue of whether Olson's attack was an intentional act was not fully litigated since that issue was not presented to the jury. Because the issue

was not conclusively determined in the Olson trial, we agree with the trial court's decision. *See State ex rel. Casas v. Fellmer,* 521 N.W.2d 738, 741 (Iowa 1994). Dolan claims the trial court's denial of Olson's motion for a directed verdict conclusively determined the issue. We find the court's denial of the motion was not a determination of the issue. Negligence and intentional torts are not mutually exclusive concepts. The jury's finding of negligence or fault did not exclude a subsequent finding of an intentional assault.

■ Where the victim of an assault sues the wrongdoer only for negligence, the liability insurer, who defends under a reservation of rights to contest coverage based on the intentional acts exclusion, is not precluded from raising the policy defense. Obviously, a tort victim, by pleading and trying his or her lawsuit on a negligence theory, cannot control the liability insurer's policy obligations to indemnify its insured tortfeasor.

### III. *Intentional Act.*

■ The State Farm policy issued to Olson excluded coverage for intentional acts. The policy provided in part "liability coverage and medical payments to others do not apply to: A. Bodily injury or property damage: (1) which is either expected or intended by an insured; or . . . ."

The district court found State Farm was relieved of any responsibility to pay the judgment which was entered against Olson because of the exclusion. Olson's acts, "even though done while intoxicated, did not make his intentional act unintentional." We agree that a person who voluntarily becomes intoxicated cannot claim the results of his or her actions are unexpected or unintended. "[W]e are not inclined to create a situation where the more drunk an insured can prove himself to be, the more likely he will have insurance coverage." *American Family Mut. Ins. Co. v. Peterson,* 405 N.W.2d 418, 422 (Minn. 1987).

Dolan brought this action under the provisions of Iowa Code section 516.1. This section provides in part:

> All policies insuring the legal liability of the insured . . . shall . . . contain a provision providing that, in event an execution on a judgment against the insured be returned unsatisfied in an action by a person who is injured or whose property is damaged, the judgment creditor shall have a right of action against the insurer *to the same extent that such insured could have enforced the insured's claim against such insurer had such insured paid such judgment.*

(Emphasis added.) Because Olson could not have enforced the claim against State Farm, Dolan has no right to enforce the judgment against the insurer. We find there is substantial evidence that Olson's acts and the resulting bodily injuries were intended.

### IV. *Bad Faith, Fraud, and Conspiracy Claims.*

■ Dolan alleges he has bad faith, fraud, and conspiracy claims against State Farm through Olson. The trial court found Dolan had failed to sustain his burden of proof on these claims.

> Moreover, when the trial court following a bench trial has denied recovery because a party failed to sustain its burden of proof on an issue, we will not interfere with the trial court's judgment unless we find the party has carried its burden of proof as a matter of law. We will conclude a party has carried such a burden only when the evidence is so overwhelming that only one reasonable inference on each critical fact issue can be drawn.
>
> We are not bound, however, by the trial court's application of legal principles or its conclusions of law. When the trial court has applied erroneous rules of law which materially affected its decision, we will reverse.

*Falczynski,* 533 N.W.2d at 230 (citations omitted).

We find the trial court ruling is supported by substantial evidence and affirm the denial of the claims. State Farm's actions, actual or alleged, caused no damage to Olson. Olson is not and cannot be held responsible for payment of Dolan's judgment. Because Olson has no claim against State Farm, Dolan has no claim through Olson.

**DECISION OF THE COURT OF APPEALS AND RULING OF DISTRICT COURT AFFIRMED.**