# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2197NI

_____

|  |  |  |
|---|---|---|
| In re:  Douglas C. Madsen, | * |  |
|  | * |  |
| Debtor, | * |  |
|  | * |  |
| -------------------- | * |  |
| Hobson Mould Works, Inc, | * |  |
|  | * |  |
| Plaintiff-Appellee, | * |  |
|  | * |  |
| v. | * |  |
|  | * |  |
| Douglas C. Madsen, | * | On Appeal from the United |
|  | * | States District Court for the |
| Defendant-Appellant, | * | for the Northern District |
|  | * | of Iowa. |
| Michael C. Dunbar, | * |  |
|  | * | [To Be Published] |
| Trustee, | * |  |
|  | * |  |
| -------------------- | * |  |
| In re:  Aaron Herbert Lease, | * |  |
|  | * |  |
| Debtor, | * |  |
|  | * |  |
| Hobson Mould Works, Inc. | * |  |
|  | * |  |
| Plaintiff-Appellee, | * |  |
|  | * |  |
| v. | * |  |
|  | * |  |
| Aaron Herbert Lease, | * |  |

                                           *

        Defendant-Appellant,       *

                                           *

Michael C. Dunbar,             *

                                         *

        Trustee.                 *

_____

Submitted:  October 5, 1999

Filed:  November 2, 1999

_____

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Hobson Mould Works, Inc., filed with the Bankruptcy Court[1] an adversary complaint seeking a determination that a state-court judgment against Aaron Lease and Douglas Madsen for misappropriation of Hobson's trade secrets had collateral-estoppel effect in a dischargeability proceeding in Lease's and Madsen's bankruptcy case, and that the judgment was nondischargeable under 11 U.S.C. §§ 523(a)(4) and 523(a)(6). The Bankruptcy Court granted summary judgment to Hobson after a hearing, the District Court[2] affirmed, and Lease and Madsen now appeal.

Collateral estoppel applies in bankruptcy dischargeability proceedings brought under section 523(a).  See Grogan v. Garner, 498 U.S. 279, 284-85 n.11 (1991).  When

---

[1]The Honorable Paul J. Kilburg, United States Bankruptcy Judge for the Northern District of Iowa.

[2]The Honorable Edward J. McManus, United States District Judge for the Northern District of Iowa.

the parties have previously litigated an issue in a state court, the Bankruptcy Court will apply the law of collateral estoppel of the state. See Haberer v. Woodbury County, No. 98-2551, 1999 WL 652467, at *3 (8th Cir. Aug. 27, 1999). Under Iowa law, collateral estoppel applies if (1) there is an identity of issues in the current and prior actions, (2) the issue was raised and actually litigated in the prior action, (3) the issue was material and relevant to the disposition of the prior action, and (4) the determination was necessary and essential to the prior judgment. See Dolan v. State Farm Fire & Cas. Co., 573 N.W.2d 254, 256 (Iowa 1998).

Under section 523(a)(6), a debtor is not discharged from any debt for "willful and malicious injury" to another. For purposes of this section, the term willful means deliberate or intentional. See Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998) (§ 523(a)(6) requires deliberate or intentional injury); In re Long, 774 F.2d 875, 881 (8th Cir. 1985) (to meet willfulness component of § 523(a)(6), debtor's actions creating liability must have been "headstrong and knowing"). To qualify as "malicious," the debtor's actions must be "targeted at the creditor . . . at least in the sense that the conduct is certain or almost certain to cause financial harm." In re Long, 774 F.2d at 881. The jury in the state-court action found that debtors "willful[ly] and malicious[ly]" misappropriated Hobson's trade secret. We conclude that the definitions in the jury instructions, upon which the jury's finding was based, satisfied the definitions of willful and malicious under section 523(a)(6), that the other components of collateral estoppel were also satisfied, and that debtors were properly precluded from relitigating the issue of willfulness and malice under section 523(a)(6). See In re Balta, 151 B. R. 506, 508 (Bankr. E.D. Mo. 1993) (misappropriation of trade secrets constitutes willful and malicious injury under § 523(a)(6)). Therefore, the debt for misappropriation of trade secrets is nondischargeable under section 523(a)(6). We need not decide whether the debt is also nondischargeable under section 523(a)(4).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.