# United States Bankruptcy Appellate Panel
## For the Eighth Circuit

_____

No. 13-6019

_____

In re: David Lee Phillips, also known as David L. Phillips, Jr., also known as
David Lee Phillips, Sr., As surety for Hi-Tech Floors, Inc., As surety for South
Properties and Leasing, LLC, As surety for Montana Hi-Tech Floors, LLC, As
surety for 3-Daves, LLC, As surety for California Hi-Tech Floors, Inc.

*Debtor*

-------------------------------

Diane L. Phillips, Individually and as Personal Representative of the Estate of
David L. Phillips Sr., and Sheridan Properties, LLC

*Plaintiffs - Appellees*

v.

David Lee Phillips, also known as David L. Phillips, Jr., As surety for 3-Daves,
LLC, also known as David Lee Phillips, Sr., As surety for Montana Hi-Tech
Floors, LLC, As surety for Hi-Tech Floors, Inc., As surety for California Hi-Tech
Floors, Inc., As surety for South Properties and Leasing, LLC

*Defendant - Appellant*

_____

Appeal from United States Bankruptcy Court
for the District of Minnesota - St. Paul

_____

Submitted: October 1, 2013
Filed: October 30, 2013

_____

Before FEDERMAN, Chief Judge, SCHERMER and SALADINO, Bankruptcy Judges.

_____

SALADINO, Bankruptcy Judge.

Debtor-Defendant, David L. Phillips, Jr. ("Defendant"), appeals from orders of the bankruptcy court[1] awarding judgments against him for intentional conversion of property, for costs of suit, and determining that the judgments were not discharged pursuant to 11 U.S.C. § 523(a)(6).[2]  We have jurisdiction over this appeal from the final order of the bankruptcy court.  *See* 28 U.S.C. § 158(b).  For the reasons set forth below, we affirm.

## *Factual Background*

Diane L. Phillips was married to David L. Phillips, Sr. until his death in May 2010, and is the personal representative of his estate.  Defendant is the son of David L. Phillips, Sr. and the stepson of Diane Phillips.  Diane Phillips is the sole member and officer of Sheridan Properties, LLC, a Minnesota limited liability company ("Sheridan Properties").  Sheridan Properties and Diane Phillips, in her individual capacity and as the personal representative of the estate of David L. Phillips, Sr., are the Plaintiffs in the underlying adversary proceeding.

_____

[1]The Honorable Dennis D. O'Brien, United States Bankruptcy Judge for the District of Minnesota.

[2]Specifically, Defendant appeals from the bankruptcy court's pretrial ruling regarding collateral estoppel, a judgment and order for judgment dated January 22, 2013, an order denying a motion for amended findings, to vacate judgment, or for new trial dated April 10, 2013, and a judgment dated April 18, 2013, granting a judgment for costs.

Some time after the death of David L. Phillips, Sr. in 2010, Plaintiffs sued Defendant, along with his wife, sister, and various entities controlled by them, in the District Court of Scott County, Minnesota. While the state court case was pending, Defendant filed his Chapter 7 bankruptcy case on September 9, 2011. Plaintiffs then timely filed the underlying adversary proceeding against Defendant for a determination of dischargeability of certain debts. As a result of Defendant's bankruptcy filing, the automatic stay prevented the state court case from proceeding against him. However, the case proceeded against the other defendants in state court, and trial of the case took place over several days between May 23 and June 1, 2012. An attorney appeared at trial on behalf of Defendant's wife and on behalf of one of her entities, HTP Floors, Inc. That same attorney had previously filed an answer in state court on behalf of all defendants, but apparently withdrew from representing some of them prior to trial. Therefore, Defendant, Hi-Tech Floors, Inc. ("Hi-Tech Floors") and South Properties and Leasing, LLC ("South Properties") did not formally appear, though Defendant participated in the trial as a witness.

The state court judge issued his Findings of Fact, Conclusions of Law, Order for Judgment and Judgment on September 27, 1012. Among other things, the court found that Hi-Tech Floors and South Properties are Minnesota entities owned and controlled by Defendant, either directly or through ownership interests held by his wife. It further found that those entities, acting through Defendant, converted assets belonging to Plaintiffs. In addition to awarding judgment with respect to various promissory notes and loans, the state court granted judgment for Diane Phillips, as personal representative of David L. Phillips, Sr., against Hi-Tech Floors for conversion of assets in the amount of $173,852.00. The state court also entered judgment in favor of Sheridan Properties for conversion of rents and deposits against South Properties in the amount of $30,003.54, and jointly against South Properties and Hi-Tech Floors in the amount of $52,800.00.

-3-

On November 15, 2012, the bankruptcy court held a pretrial hearing regarding the collateral estoppel effect of the state court's findings. On December 3, 2012, prior to commencement of the trial, the bankruptcy court ruled that:

> With respect to the motion in limine and with respect to the collateral estoppel issues, the Court will receive into evidence a copy of the judgment, decree, order for judgment and the judgment and decree of the state district court in these matters. Collateral estoppel issues under Minnesota law will apply and they will be binding as to all non-debtor defendants, that is to say the corporation, corporations and any other defendants. They will be binding with respect to ownership of the assets that are also involved in this proceeding and the Plaintiff will be entitled to introduce evidence as to privity and should privity be established through the evidence here, collateral estoppel will be extended to be binding on the Defendant in this proceeding as well.

The bankruptcy court then heard testimony and argument over a number of days between December 3 and December 17, 2012. On February 22, 2013, the bankruptcy court entered an Order for Judgment finding that Defendant is personally liable for the conversions found by the state court against Hi-Tech Floors and South Properties, and that the resulting liability is nondischargeable pursuant to 11 U.S.C. § 523(a)(6). Specifically, the bankruptcy court found in part as follows:

> The state court found that the defendant removed and disposed of the converted property without claim of right and knowing that he had no claim of right. The only reason that judgment was not entered against him personally is that the action was stayed against him by the bankruptcy filing. He gave extensive testimony at the state court trial, essentially repeating the same in the trial here.

His testimony in this nondischargeability trial was entirely without credibility.

The evidence at the trial here, both testimony and documentary, overwhelmingly shows that the defendant personally controlled the decisions to take the property, personally controlled the disposition of it, and, that he did so distributing the proceeds to himself and to his corporations knowing that they had no right in the property or proceeds whatever. His actions were blatant personal acts of willful and malicious conversion of property which he knew belonged to the plaintiffs. The resulting liability is nondischargeable under 11 U.S.C. § 523(a)(6).

The bankruptcy court then entered judgment against Defendant in favor of Diane Phillips, as personal representative of the estate of David L. Phillips, Sr., in the amount of $173,852.00 and in favor of Sheridan Properties in the amount of $82,803.54, each for intentional conversion of property. Each judgment was held to be nondischargeable. Subsequently, the bankruptcy court denied Defendant's motion to reopen, for amended findings, to vacate judgment, or for a new trial and ordered judgment in favor of Plaintiffs and against Defendant for costs in the amount of $5,738.30.

Defendant timely filed his notice of appeal. He asserts that the trial court erred in giving collateral estoppel effect to a state court order that was litigated and issued post-bankruptcy filing and during which Defendant was a witness, but not a party. Defendant also appeals the judgment for costs.

### *Standard of Review*

We review the bankruptcy court's factual findings for clear error and its legal conclusions de novo. *Capital One Auto Fin. v. Osborn,* 515 F.3d 817, 821 (8th Cir. 2008). The application of collateral estoppel is an issue of law which we review de

novo. *Tudor Oaks Ltd. P'ship v. Cochrane (In re Cochrane),* 124 F.3d 978, 983 (8th Cir. 1997) (citing *United States v. Brekke*, 97 F.3d 1043, 1046-47 (8th Cir. 1996), *cert. denied,* 520 U.S. 1132, 117 S. Ct. 1281, 137 L. Ed. 2d 356 (1997))

*Discussion*

11 U.S.C. § 523(a)(6) provides that a discharge under 11 U.S.C. § 727 "does not discharge an individual debtor from any debt – . . . (6) for willful and malicious injury by the debtor to another entity or to the property of another entity[.]"  After a trial, the bankruptcy court found that Defendant's actions were "blatant personal acts of willful and malicious conversion of property which he knew belonged to the plaintiffs."  The bankruptcy court further found that the resulting liability was nondischargeable under 11 U.S.C. § 523(a)(6).

Defendant identifies the issue on appeal as follows:  "Did the trial court err when they [sic] gave collateral estoppel effect to a state court's Findings of Fact, Conclusions of Law, and Order that was litigated and issued post-filing when Appellant was a witness but not a party nor represented by counsel in the state court proceeding?"[3]  To evaluate this assignment of error, we must first determine precisely what evidentiary effect the bankruptcy court gave to the state court order.  Prior to commencement of the trial, the bankruptcy court ruled (1) that it will receive the state court order into evidence; (2) collateral estoppel will be determined under Minnesota law and the state court ruling will be binding as to the non-debtor defendants; (3) the state court findings will be binding regarding ownership of the assets by the estate of David L. Phillips, Sr.; and (4) that Plaintiffs were allowed to present evidence of

_____

[3]Defendant also asserts that the bankruptcy court erred in granting a judgment for costs, but this assignment of error is based solely on the assertion that costs should only be awarded to a prevailing party, and based on the first assignment of error, Defendant believed Plaintiffs should not have prevailed.

privity between Defendant and his corporations to expand collateral estoppel to Defendant.

Thus, it is clear that the bankruptcy court did not, contrary to Defendant's implication, give complete collateral estoppel effect to the state court findings as to Defendant. At most, the bankruptcy court determined that the state court findings would only be binding against Defendant as to the ownership of the assets by the estate of David L. Phillips, Sr.[4] Defendant does not dispute that the state court order was admissible into evidence, nor does he dispute that the concept of privity was a subject for which evidence could be presented. Thus, this appeal is based solely on the bankruptcy court's pretrial ruling that the state court's findings as to ownership of the assets was binding on the bankruptcy court.

Defendant first argues that collateral estoppel, or issue preclusion, should only apply in dischargeability proceedings in bankruptcy to bar a party from relitigating discrete issues of fact that were settled via adjudication in "pre-bankruptcy" litigation to which the debtor was a party. For that proposition, he cites *Sells v. Porter (In re Porter)*, 539 F.3d 889, 894 (8th Cir. 2008); *Hobson Mould Works, Inc. v. Madsen (In re Madsen)*, 195 F.3d 988, 989 (8th Cir. 1999); *Tudor Oaks Ltd. P'ship v. Cochrane (In re Cochrane),* 124 F.3d 978, 983 (8th Cir. 1997). He argues that the litigation in the state court did not take place "pre-bankruptcy," nor was Defendant a party to that litigation due to his bankruptcy filing.

---

[4]This conclusion is not at all clear from the transcript of the bankruptcy court's ruling, but Defendant believes this to be the proper interpretation of the oral ruling. We note, however, that Defendant only provided partial trial transcripts and has not presented us with any accurate citation to the record showing where the bankruptcy court prevented him from introducing evidence of asset ownership. The one citation he did provide in his brief is not accurate.

Defendant's arguments are simply not compelling and his citations are inaccurate and misleading. He cites to several cases discussing when collateral estoppel effect should be given to prior judgments. Defendant then interprets those selective citations to mean that collateral estoppel can *only* apply to pre-bankruptcy judgments. That is simply not the holding of the cases cited by Defendant. In fact, even though the judgments were entered pre-bankruptcy in the cited cases, the courts in those cases focused only on the fact that the judgments were "prior" to the pending litigation and without regard to the date of bankruptcy filing. *See In re Porter,* 539 F.3d at 894 (referring to "prior action"); *In re Madsen,* 105 F.3d at 989 (also referring to "prior action"); *In re Cochrane,* 124 F.3d at 983 (referencing "prior state court action" and "prior action"). Significantly, Defendant fails to reference a single case holding that collateral estoppel does not apply if the state court litigation took place after the date of bankruptcy filing. Defendant's argument that collateral estoppel should not apply because the state court judgment was not pre-bankruptcy filing is without merit.

Defendant's argument that collateral estoppel should not apply because he was not a "party" to the state court case is apparently based on an element of Minnesota preclusion law. Whether a prior Minnesota state court judgment bars Defendant's claims of asset ownership is controlled by the full faith and credit statute, 28 U.S.C. § 1738. "[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892 (1984). Thus, the preclusive effect of the state court judgment depends upon Minnesota's preclusion law.

Under Minnesota law, collateral estoppel is available where (1) the issues are identical to those in a prior adjudication; (2) there is a final judgment on the merits; (3) the estopped party was a party or in privity with a party in the previous action; and (4) the estopped party was given a full and fair opportunity to be heard on the

-8-

adjudicated issues. *Ellis v. Minneapolis Comm'n on Civil Rights*, 319 N.W.2d. 702, 704 (Minn. 1982). Defendant appears to challenge the third and fourth elements by arguing that he was not a party to the state court action.[5]

We note that technically, Defendant *was* a "party" to the state court case – the action was simply stayed against him and proceeded to trial only against the other defendants due to Defendant's bankruptcy filing. Defendant identifies himself as "simply a witness" in the state court case at the time it was tried. The reality, however, is that Defendant was much more than simply a witness. As a party to the state court proceeding which commenced three months prior to the bankruptcy filing, Defendant was well aware that the issues involved ownership and conversion of assets. He chose to file bankruptcy to avoid having a personal judgment entered. It is undisputed that Defendant testified extensively at the state court trial and was found to be in control of the entities and made the decisions on behalf of the entities, including the decisions to take the property and dispose of it. "[T]he persons for whose benefit and at whose direction a cause of action is litigated cannot be said to be 'strangers to the cause. . . .'" *Montana v. United States*, 440 U.S. 147, 154, 99 S. Ct. 970, 974, 59 L. Ed. 2d 210 (1979) (citing *Souffront v. Compagnie des Sucreries,* 217 U.S. 475, 486-87, 30 S. Ct. 608, 612, 54 L. Ed. 846 (1910)).

In his reply brief, Defendant also claims he was "hamstrung" by the bankruptcy court's ruling that he was bound by the state court findings as to asset ownership. He seems to believe that he never had a chance to claim ownership of the assets. However, Defendant participated in the state court trial extensively as a witness and,

_____

[5]In his brief, Defendant also argues that the issues regarding ownership of the assets were not "actually litigated" in state court because Hi-Tech Floors and South Properties were not represented by an attorney at the state court trial. However, a review of the state court's ruling makes it clear that ownership of the assets was a primary issue that was actually litigated.

according to the state court findings, *did* assert claims to ownership of the assets. Specifically, at Finding of Fact No. 44, the state court found: "While Junior asserted that the vehicles belonged to Montana Hi-Tech, and indirectly HTF, his own actions show that he did not believe that to be true. He asserted various vehicles belonged to him 'either by title or by gift.'" Clearly, Defendant was an active participant in the state court trial and had the opportunity to claim ownership of any of the assets. Defendant's arguments that he was not a party and did not have an opportunity to litigate ownership of the assets are without merit.[6]

Defendant also argues that the state court judgment could not be given collateral estoppel effect against him because that would violate the automatic stay. In support of this proposition, Defendant cites to *LaBarge v. Vierkant (In re Vierkant)*, 240 B.R. 317 (B.A.P. 8th Cir. 1999). In that case, the Eighth Circuit Bankruptcy Appellate Panel held that a default judgment entered after the commencement of a Chapter 7 case was taken in violation of the automatic stay and is *void ab initio*. *Id.* at 325. Therefore, the Bankruptcy Appellate Panel reversed a bankruptcy court finding regarding collateral estoppel effect of the judgment entered in violation of the stay. *Id.* Contrary to Defendant's characterization, the state court did not enter judgment against him (the debtor in bankruptcy) and, therefore, its judgment was not void as a violation of the automatic stay. Thus, the references to the *Vierkant* decision are simply off the mark.

Finally, we note that the bankruptcy court correctly gave preclusive effect to the state court's determination as to ownership of the assets because a contrary decision by the bankruptcy court would "wholly undermine" the state court's ruling. *See Dodson v. Univ. of Arkansas for Med. Scis.*, 601 F.3d 750, 755 (8th Cir. 2010)

---

[6]We note that this argument by Defendant seems somewhat disingenuous since Defendant did not claim ownership of any of the converted assets or their proceeds in his bankruptcy schedules.

(holding that the *Rooker-Feldman* doctrine forecloses federal jurisdiction when a decision in favor of a federal litigant would "wholly undermine" the state court's ruling.).[7]

<u>Conclusion</u>

The bankruptcy court did not err in granting preclusive effect to the Minnesota state court's order regarding ownership of the assets at issue and Defendant did not raise any other assignments of error. Therefore, the decision of the bankruptcy court is affirmed.

---------------------------------

[7]In the two decisions for which the doctrine is named, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), the United States Supreme Court established the proposition that inferior federal courts lack subject-matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Recently, the Eighth Circuit Court of Appeals observed that courts sometimes have applied the *Rooker-Feldman* doctrine too broadly and that it is appropriate to bypass *Rooker-Feldman* to reach a preclusion question that disposes of a case. *Cawley v. Celeste (In re Athens/Alpha Gas Corp.)*, 715 F.3d 230, 235 (8th Cir. 2013).